Following their dissent to a merger with another company, the Plaintiffs petitioned under G.L. 1956 § 7-1.2-1202 to require R.I.S.A.T., Inc. to purchase their shares of stock in the corporation at a "fair value" determined by the Court. Section 1202(h) of that statute requires the Plaintiffs to surrender their shares to the corporation for notation on the shares that a demand for fair value has been made under the statute. If they fail do to so within 20 days of the demand, then the corporation has the option to terminate the shareholders dissenter's rights under the statute, unless this Court "for good and sufficient cause shown" directs otherwise. It is undisputed that the Plaintiffs did not submit their shares within the 20 day notation period, and that the corporation sought to exercise its option to terminate.
The Court found that such statutes are generally construed in favor of the shareholder, and are only intended to protect third parties from unwittingly purchasing shares which are subject to a demand for fair value. Consequently, "good and sufficient cause" exists to excuse a delay in submitting the shares for notation when that delay is insubstantial and the corporation has not been prejudiced by that delay. In this case, the Court found that no prejudice had befallen the corporation due to the delay. The Court further found that any delay was insubstantial because it did not extend the valuation proceeding beyond the length of time contemplated by the statute. Because no prejudice had resulted from the insubstantial delay, the Court found "good and sufficient" cause to direct that the "fair value" of the Plaintiffs' shares be determined according to the statute.